UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JUAN MENESES,  Plaintiff, | ) ) ) | |
| vs. | ) ) ) | No. 20-2233 |
| JOHN BALDWIN, et. al.,  Defendants. | ) ) | |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a *pro se* prisoner, claims his constitutional rights were violated by Illinois Department of Corrections (IDOC) Director John Baldwin, Correctional Officer G. Stuck, Administrative Review Board (ARB) Member Debbie Knauer, John or Jane Doe investigators, and John or Jane Doe transfer coordinators.

On June 1, 2018, Plaintiff was taken to Internal Affairs at Danville Correctional Center. Plaintiff was asked whether he knew anything about a romantic relationship between his vocational teacher and another inmate. Plaintiff said he did not, and the interview ended.

1

Plaintiff was called back three days later for additional questioning. Plaintiff says he was placed in segregation "under Investigative Status." (Comp, p. 5). On June 6, 2018, Plaintiff received a disciplinary ticket informing him he was under investigation.

Plaintiff says at some unspecified time, Defendant Officer Stuck told Plaintiff the inmate involved in the relationship said Plaintiff was his "look-out." (Comp., p. 6). Defendant Stuck asked Plaintiff if he would agree to "voice stress analysis." (Comp., p. 6). Plaintiff agreed, passed the test, but remained in segregation.

On June 27, 2018, Plaintiff was transferred to segregation at Big Muddy Correctional Center. However, when he arrived, Plaintiff says he was released from segregation, so it is unclear if he spent any additional time in a segregation cell.

On July 6, 2018, Plaintiff filed a grievance asking for "the good conduct credits for his contract signed at Danville" and a transfer to another facility. (Comp., p. 7). Defendants Baldwin and Knauer addressed Plaintiff's grievance without a hearing and awarded the good conduct credits. Plaintiff has attached the response to his grievance noting his request for good conduct credits was "moot" since they had already been awarded and he could speak to his counselor about a transfer if he was eligible. (Comp., p. 13).

Plaintiff says Defendant Stuck retaliated against him by placing him in segregation without due process. Plaintiff also says he was denied due process before he was transferred to segregation and transferred to another facility. Plaintiff further claims this transfer was retaliatory.

Plaintiff has failed to clearly articulate a violation of his First Amendment rights. To state a retaliation claim, Plaintiff must allege "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation likely to deter such activity; and (3) the First Amendment activity was at least a motivating factor in the decision to impose the deprivation." *Hawkins v. Mitchell*, 756 F.3d 983, 996 (7th Cir. 2014). Plaintiff has failed to identify a protected activity. *See i.e. Knox v. Wainscott*, 2003 WL 21148973, at *8 (N.D.Ill. May 14, 2003)(investigation and refusal to answer questions is not a protected activity).

It is also unclear from Plaintiff's complaint if he was ever found guilty of any offense. Plaintiff's complaint states his due process rights were violated because he remained in investigative or administrative segregation for approximately three weeks. However, to articulate a constitutional violation, Plaintiff must be able to show the resulting sanction deprived him of life, liberty, or property. *See Isby v. Brown*, 856 F.3d 508, 524 (7th Cir. 2017). As a rule, a prisoner has no protected liberty interest in remaining in the general population of a prison, except in rare cases where "segregation conditions ... constitute an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Thomas v Ramos*, 130 F.3d 754, 760 (7th Cir. 1997)(internal citation omitted); *see also Townsend v. Fuchs*, 522 F.3d 765, 771 (7th Cir. 2008)(holding that placement of inmate in non-disciplinary segregation for three months did not create liberty interest).

In addition, Plaintiff does not have a constitutional right to a hearing on his grievance. *See Owens v. Hinsley,* 635 F.3d 950, 953 (7th Cir. 2011)("Prison grievance

3

procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause.").

Plaintiff is also advised he must only identify Defendants who were directly involved in his allegations. In order to hold an individual liable under Section 1983, Plaintiff must "show that the defendants were personally responsible for the deprivation of their rights." *Wilson v. Warren Cty., Illinois*, 2016 WL 3878215, at *3 (7th Cir. 2016). "A defendant is personally responsible 'if the conduct causing the constitutional deprivation occurs at his direction or with his knowledge and consent.'" *Id. quoting Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995).  It is doubtful the IDOC Director had any direct involvement in Plaintiff's claims.

Further, the mere fact that a defendant was a supervisor is insufficient to establish liability because the doctrine of *respondeat superior* (supervisor liability) does not apply to actions filed under 42 USC §1983. See *Smith v. Gomez*, 550 F.3d 613, 616 (7th Cir. 2008)(supervisor liability not permitted under § 1983); *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992)( supervisors are not liable for the errors of their subordinates).

Therefore, Plaintiff's complaint is dismissed for failure to articulate a constitutional violation.  The Court will allow Plaintiff time to file an amended complaint if he can clarify his allegations.  The amended complaint must include all claims and defendants and must stand complete on its own without reference to any previous filing.

If Plaintiff chooses to file an amended complaint, he must state whether he was ever disciplined by the Administrative Review Board and if so, what discipline he

4

...

received. Plaintiff should also name the Defendants directly responsible for his allegations. If he is unsure of a specific name, he can instead provide a description such as job title and to the extent possible, hours worked and physical description.

IT IS THEREFORE ORDERED:

1) Plaintiff's complaint is dismissed for failure to state a claim upon which relief can be granted.

2) Plaintiff may file a proposed amended complaint on or before December 15, 2020. If Plaintiff fails to file an amended complaint on or before December 15, 2020 or fails to follow the Court's instructions, his case will be dismissed without prejudice.

3) The Clerk is to provide Plaintiff with a blank complaint form to assist him and reset the internal merit review deadline within 30 days of this order.

Entered this 20th day of November, 2020.

s/James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE