UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JUAN MENESES, | ) |
|    Plaintiff, | ) |
| | ) |
| vs. | )     No. 20-2233 |
| | ) |
| JOHN BALDWIN, et. al., | ) |
|    Defendants. | ) |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for consideration of Plaintiff's motion for leave to file an amended complaint. [8].

The Court dismissed Plaintiff's original complaint for failure to state a claim upon which relief could be granted. *See* November 20, 2020 Merit Review Order. Plaintiff failed to provide a factual basis for a First Amendment retaliation claim or a Due Process violation. The Court pointed out the specific deficiencies in the pleading and allowed Plaintiff time to file an amended complaint.

Plaintiff has now responded with his motion for leave to file an amended complaint which is granted pursuant to Federal Rule of Civil Procedure 15. [8]. The Court is still required by 28 U.S.C. §1915A to "screen" the Plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2)

1

seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff claims his constitutional rights were violated by Illinois Department of Corrections (IDOC) Director John Baldwin, Correctional Officer G. Stuck, Lieutenant Campbell, Major Burger, Administrative Review Board (ARB) Member Debbie Knauer, Internal Affairs Investigator Moody, and Jane or John Doe Defendants who were responsible for reviewing disciplinary investigations at Danville Correctional Center.

Plaintiff says on June 1, 2018, was called to the Internal Affairs Office. Defendant Moody had questions about an inmate, Inmate V.G. and the vocational instructor in Danville's Graphic Design Department where Plaintiff worked. Plaintiff was asked about any unusual or romantic behavior between the instructor and the inmate. Plaintiff said he had not observed anything.

Plaintiff was called back to Internal Affairs on June 4, 2018. Defendants Moody and Campbell were waiting. Defendant Moody and Campbell informed Plaintiff Inmate V.G. reported Plaintiff was his "look-out." (Amd. Comp, p. 11). Plaintiff vehemently denied the claim. The Defendants threatened Plaintiff with both long term segregation and terminating his employment. Defendants again questioned Plaintiff concerning any inappropriate conduct between Inmate V.G. and the instructor. Plaintiff again denied any knowledge. Plaintiff was asked if he would submit to a voice stress analysis test, and Plaintiff agreed.

Plaintiff was then moved to segregation on investigative status. As a result, Plaintiff lost his job and the continued opportunity to earn good time credits as a result of that employment.

On June 14, 2018, Plaintiff participated in the voice stress analysis test. The individual administering the test saw no indication Plaintiff was lying. Plaintiff told both Defendants Moody and Campbell he was innocent, but he was still escorted back to segregation.

Plaintiff says around this time, he received a copy of an Investigative Report which was dated June 4, 2018 and signed by Defendant Stuck. Defendant Campbell also signed the document as the "serving employee" noting Plaintiff refused to acknowledge receipt of the report. (Amd. Comp., p. 17). However, Plaintiff says the officer never gave him the report and instead Plaintiff found it in his cell door.

Plaintiff says Defendant Burger was the shift supervisor and therefore he made the initial decision to place Plaintiff in segregation. Plaintiff also believes a Jane or John Doe Reviewing Officer was required to determine whether Plaintiff should stay in segregation pursuant to his review of the Illinois Administrative Code.

Plaintiff remained on investigative status from June 4, 2018 through June 27, 2018 without a hearing or review. Plaintiff was then transferred to Big Muddy Correctional Center where he was no longer housed in segregation.

Plaintiff filed a grievance asking for good time credits he earned while he was employed. Defendant ARB Member Knauer and IDOC Director Baldwin reviewed Plaintiff's grievance without a hearing. The response notes Plaintiffs' request for good

3

conduct credits was "moot" since he had received all the good time credits he earned. Plaintiff was advised he could speak to his counselor about a transfer if he was eligible. (Amd. Comp., p.44).

Plaintiff says Defendants Moody, Campbell, Stuck, and Burger placed him in segregation, took away his job, and transferred him in retaliation for his "refusal to lie during an interview." (Amd. Comp., p. 27).  Defendants also violated his Fourteenth Amendment Due Process rights when they failed to review his segregation stay. In addition, Defendants Knauer, Baldwin, and Jane or John Doe refused to take any action when they were notified of the violations.

The Court previously noted it was unclear if Plaintiff was ever found guilty of a rule violation. *See* November 20, 2020 Merit Review Order, p. 3.  Based on Plaintiff's amended complaint, it does not appear Plaintiff was every accused of a specific rule violation, nor was he found guilty.

Plaintiff has failed to state a violation of his constitutional rights based on his 23-day stay in segregation on investigative status without a review or hearing pursuant to IDOC regulations. "When a plaintiff brings an action under § 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in 'life, liberty, or property' without due process of law." *Williams v. Ramos,* 71 F.3d 1246, 1248 (7th Cir.1995) *quoting Zinermon v. Burch,* 494 U.S. 113, 125 (1990).  However, the Supreme Court has held the Constitution "does not create a liberty interest in avoiding transfer *within* a correctional facility to more adverse

conditions of confinement." *Trainauskas v. Fralicker*, 2018 WL 4214507, at *5 (S.D.Ill. Sept 5, 2018) (emphasis in original) *citing* W*ilkinson v. Austin*, 545 U.S. 209, 221 (2005).

Even if prison regulations require an interview or review within days of placing an inmate on investigative status, "a federal due process claim is not implicated, even if a state regulation was violated. A federal court does not enforce state law or regulations." *Van Pelt v. Butler,* 2018 WL 889043, at *5 (S.D.Ill. Feb. 14, 2018)( inmate failed to state due process claim based on failure to provide a hearing when he was placed on investigative status in segregation); *see also Gray v. Taylor*, 714 F.Supp.2d 903, 909 (N.D.Ill. May 28, 2010)(even if inmate "wrongfully placed in investigative status"… "being placed in segregation is too trivial an incremental deprivation of a convicted prisoner's liberty to trigger the duty of due process.").

And as the Court previously explained, Plaintiff does not have a constitutional right to a hearing on his grievance. *See Owens v. Hinsley,* 635 F.3d 950, 953 (7th Cir. 2011)("Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause.").

As for Plaintiff's retaliation claim, Plaintiff must allege "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation likely to deter such activity; and (3) the First Amendment activity was at least a motivating factor in the decision to impose the deprivation." *Hawkins v. Mitchell*, 756 F.3d 983, 996 (7th Cir. 2014).

Plaintiff says Defendants retaliated against him because he refused to lie and provide information during an internal affairs investigation. Nonetheless, the officers

had information suggesting Plaintiff had participated in hiding an inmate's relationship with a vocational teacher. Plaintiff is therefore alleging the Defendants retaliated against him based on his failure to provide any information against another inmate.

The Seventh Circuit "has not decided whether a prisoner has a constitutional right to refuse to act as a prison informant." *Nelson v. Stevens*, 2020 WL 2112270, at *15 (W.D.Wis. May 4, 2020), *citing Pearson v. Welborn*, 471 F.3d 732, 740 (7th Cir. 2013) (affirming verdict on other grounds, commenting "[r]egardless whether Pearson's refusal to act as an informant is constitutionally protected"). Therefore, for the purposes of notice pleading, Plaintiff has stated a retaliation claim.

However, Plaintiff's only claim against ARB Member Knauer and IDOC Director Baldwin is they denied his grievance. Denying a grievance alone does not indicate the Defendant caused or participated in the alleged violation. *See George v. Smith*, 507 F.3d. 605, 609 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation). In addition, Plaintiff was already out of segregation and had been transferred to a new institution by the time he wrote his grievance in July of 2018. (Comp., p. 44). Therefore, the Court will dismiss Defendants Knauer and Baldwin as well as any intended John Doe Defendants for failure to state a claim.

Plaintiff may proceed with his claim alleging Defendants Moody, Campbell, Stuck, and Burger retaliated against him in June of 2018 when Plaintiff refused to provide information during an internal affairs investigation. Plaintiff has alleged the Defendants retaliated by placing him in segregation on investigative status, terminating

6

his job, and transferring him to another institution. Plaintiff has not articulated any other violations of his constitutional rights, and he has not articulated an official capacity claim. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978).

Finally, the Court notes it is possible the Plaintiff's claim is barred by the two-year statute of limitations period. *See Wilson v Giesen*, 956 F.2d 738, 740 (7th Cir. 1992); *Farrell v. McDonough*, 966 F.2d 279, 280-82 (7th Cir. 1992). Plaintiff's time in segregation ended on June 27, 2018, but he did not file his complaint until more than two years later on August 13, 2020. Nonetheless, the statute of limitations clock stops during the grievance procedure, so this affirmative defense is better addressed once Defendants have been served. *See Hatch v. Briley*, 230 Fed.Appx. 598, 599 (7th Cir. 2007)(statute of limitations clock begins when claim accrues, stops during grievance procedure, and restarts when procedure is complete).

IT IS THEREFORE ORDERED:

> 1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges Defendants Moody, Campbell, Stuck, and Burger retaliated against him in June of 2018 for his refusal to provide information during an investigation by placing him in segregation under investigative status, terminating his employment, and transferring him to another institution. The claim is against the Defendants in their individual capacities only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent

pleadings shall be to the issues and claims stated in this Order.  In general, an answer sets forth Defendants' positions.  The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants.  Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel.  Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel.  The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3.  If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number.  Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Grant Plaintiff's Motion for Leave to File an Amended Complaint, [8]; 2) Add Defendants Lieutenant Campbell, Major Burger, and Internal Affairs Investigator Moody;  3) Dismiss Defendans Baldwin, Knauer, and all Doe Defendants for failure to state a claim upon which relief can be granted pursuant to by 28 U.S.C. §1915A; 4) Attempt service on Defendants pursuant to**

9

**the standard procedures; and 5) Set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines.**

ENTERED this 1st day of February, 2021.

                        s/ James E. Shadid
                 _____
                        JAMES E. SHADID
                 UNITED STATES DISTRICT JUDGE